State v. Johnson

disposing of the pending motions. On appeal, and as appears in the statement of the case on appeal, appellant argued and appellee conceded: that the case had been placed on the motion calendar for disposition of the pending motions; that the judge advised the parties that he would take the files and advise counsel at a later date; that subsequently counsel received a judgment purporting to dispose of the case on its merits. From the entry of this judgment, defendant appealed.

*Hovis & Hunter by John N. Hunter for plaintiff appellees.*

*Newitt & Newitt by John G. Newitt, Sr., for defendant appellant.*

STATE OF NORTH CAROLINA v. WALTER JUNIOR JOHNSON

No. 7210SC806

(Filed 20 December 1972)

1. Homicide § 12— murder indictment — plea to manslaughter

An indictment for murder will support a plea of *nolo contendere* to voluntary manslaughter.

2. Constitutional Law § 36— cruel and unusual punishment — sentence for voluntary manslaughter

A sentence of twelve to fifteen years imposed upon defendant's plea of *nolo contendere* to voluntary manslaughter does not constitute cruel and unusual punishment.

APPEAL by defendant from *Brewer, Judge,* 31 July 1972 Session of Superior Court held in WAKE County.

Defendant was indicted for murder. He was allowed to enter a plea of *nolo contendere* to voluntary manslaughter. Judgment imposing a prison sentence of not less than twelve nor more than fifteen years was entered. Defendant subsequently wrote his court appointed counsel and asked that notice of appeal be entered.

*Attorney General Robert Morgan by Russell G. Walker, Jr., and Roy A. Giles, Jr., Assistant Attorneys General for the State.*

*James R. Fullwood for defendant appellant.*

VAUGHN, Judge.

[1, 2] The record discloses that defendant's plea was accepted only after the court made due inquiry of the defendant and adjudged that the plea was freely, understandingly and voluntarily entered. On appeal, defendant does not contend that his plea was not freely, understandingly and voluntarily entered. Defendant argues that a bill of indictment for murder will not support a plea of manslaughter. He further argues that the sentence imposed constitutes cruel and unusual punishment prohibited by the United States Constitution. These are the only assignments of error brought forward and they are without merit.

No error.

Judges BRITT and PARKER concur.